110 N.J. Super. 179 (1970)
264 A.2d 751
JOYCE DeMEO, PLAINTIFF,
v.
LOUIS DeMEO, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided April 27, 1970.
Mr. Robert J. Citrino, Jr., argued the cause for plaintiff (Messrs. Citrino, Carella and Balsam, attorneys).
No appearance for defendant.
CONSODINE, J.C.C. (temporarily assigned).
Plaintiff charged extreme cruelty predicated on the addiction of defendant to heroin, the familial condition resulting therefrom endangering her health and impairing her well-being with little likelihood of change in the future. Proof conformed to the pleadings.
Heroin is but one of the derivatives of opium by way of morphine, itself an opium derivative. Each of these is as dangerous as the other in relation to human beings although *180 the effects of any one on different persons may differ somewhat.
The instant case seeks a finding that addiction to heroin, an opium-derived drug, is extreme cruelty per se. On the broadness of such a finding we have no case law.
Our only drug addiction case, Melia v. Melia, 94 N.J. Super. 47 (Ch. Div. 1967), held on its facts that voluntary and continued addiction to heroin with resultant attrition of sexual powers and finally refusal of sexual intercourse was a ground for divorce as extreme cruelty. Its judgment was circumscribed as to drug and as to one effect only. 8 Journal of Family Law, 278 (Univ. of Louisville, 1968).
Addiction to opium (and so morphine) derived drugs saps the vitality and initiative of the user, diminishes physical and mental energy, creates character disorders and psychoneuroses, induces inadequate personalities, produces spoiled, complaining, selfish, neurotic weaklings, makes of marriage a transitory episode which in the male stimulates the emergence of resentment and disgust for all women and in the female the ultimate elimination of conventional social values, the rejection of marital ties and adoption of mores that reject society and its disciplines.
There can be no doubting of the corroborated testimony of an unaddicted spouse that some or all of the results of opium derived drugs affect the health of the aggrieved party and that such make his or her life one of such discomfort and wretchedness as to create an incapacity to discharge the marital duties within our definition of the statutory ground of extreme cruelty. N.J.S.A. 2A:34-2(c); Friedman v. Friedman, 37 N.J. Super. 52 (App. Div. 1955).
Generally, see The President's Commission on Law Enforcement and Administration of Justice, Task Force Report: Narcotics and Drug Abuse (1967); Nyswander, The Drug Addict as a Patient (1956); Hesse, Narcotics and Drug Addiction (1946); Kalb, Drug Addiction (1962); Kron and Brown, Mainline to Nowhere (1965).
Judgment of divorce.